

11/04/2014

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: §
§
ARTURO (NMN) SOTELO, JR. § CASE NO. 12-41422-R
XXX-XX-7908 §
3650 SERENDIPITY HILLS TRAIL § CHAPTER 13
CORINTH, TX 76210 §
§
VERONICA DE LOS SANTOS SOTELO §
XXX-XX-5357 §
§
DEBTORS §

## ORDER MODIFYING PLAN AFTER CONFIRMATION

The Court, having considered the motion to modify the plan after confirmation, finds that:

1.   Written Notice of the Meeting of Creditors held pursuant to 11 U.S.C. §341 and of this hearing on the confirmation of the Plan was given as required by Rule 2002;

2.   All scheduled creditors have been served with a copy of the Debtor's Plan, or a summary thereof, in accordance with Rule 3015;

3.   The Plan as presented for confirmation complies with the provisions of Chapter 13 of Title 11 of the United States Code and other applicable provisions of said Title; and

4.   With respect to each allowed secured claim provided for by the Plan, the holder of such claim either accepted or was deemed to have accepted the Plan, or, in the alternative,

   a.   The Plan provides that the holder of such claim retain the lien securing such claim and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the amount of such claim; or

   b.   The Debtor has surrendered or abandoned the property securing such claim.

IT IS THEREFORE ORDERED THAT:

1.   The Debtors' Plan is confirmed as modified.

2.   **Plan Payments and Length of Plan**.

The future earnings of Debtors are submitted to the supervision and control of this Court and Debtors shall pay to the Trustee the following monthly payments:

| | |
|---|---|
| $    175.00  for    60 months  = | $    10,500.00 |
| Plus the application of 2012 TAX REFUND | $    4,021.00 |
| Plus the application of 2013 TAX REFUND | $    3,093.00 |

Such payments are due on the 1st day of each month commencing on July 1, 2012 and continuing every succeeding month thereafter for the full term (duration) of this plan, for a total of $17,614.00, together with any tax refunds that the Debtors receive during the life of the Modified Plan.  This plan shall be for a term of 60 months.  Payments shall be remitted to:

> Janna L. Countryman
> Chapter 13 Trustee
> P.O. Box 628
> Tyler, TX  75710

**3.  Priority, administrative, and attorney's fees claims to be paid by the Trustee.**

From the payments so received, the Trustee will make disbursements in the following order:

(a) <u>Administrative Expenses</u>: The Trustee shall first pay the expenses as prescribed by the Court, for administering this plan.

| Creditor | Claim Amount to be Paid | Monthly Payment | Total to be Paid |
|---|---|---|---|
| MERV WAAGE | $2,000.00 | FIRST FUNDS | $2,000.00 |
| PRIOR ATTORNEY | | | |

(b) <u>Priority Claims</u>:   All claims entitled to priority under 11 U.S.C. § 507 of the Bankruptcy Code will be paid as follows:

(1) Domestic Support Obligations

(A) Unless otherwise specified in the Modified Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Creditor | Claim Amount to be Paid | Monthly Payment | Term | Total to be Paid |
|---|---|---|---|---|
| NONE | | | | |

(B) Pursuant to 11 U.S.C. § 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

| Creditor | Claim Amount to be Paid | Monthly Payment | Term | Total to be Paid |
|---|---|---|---|---|
| NONE | | | | |

(2) Other Priority Claims (e.g., tax claims)  These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Creditor | Claim Amount to be Paid | Monthly Payment | Term | Total to be Paid |
|---|---|---|---|---|
| NONE | | | | |

**4. Secured claims to be paid by Trustee.**

        Secured Claims:   Secured creditors, whose claims are duly and timely filed, approved and allowed, will be paid in full as follows:

| Creditor | Claim Amount to be Paid | Interest Rate | Monthly Payment | Term | Total to be Paid |
|---|---|---|---|---|---|
| CITIMORTGAGE, INC | $5,521.03 | 4.75 | PRO RATA | 1-36 | $5,832.37 |
| HOMESTEAD ARREARS | | | | | |

If the purpose of this Modified Plan is to surrender the collateral to the secured creditor on a claim that was previously being paid by the Trustee, the "Amount Paid" and "Total Paid" represents the total adequate protection payments, principal payments, and interest, if any, previously paid by the Trustee to the creditor and the collateral will be noted as surrender to that creditor in Paragraph 8 of this Order.

**5. Secured debts with liens voided or to be avoided.**

        Void Lien: The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtors' exempt property.  Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 6(b) below:

| Creditor | Collateral Description | Amount of Claim |
|---|---|---|
| NONE | | |

**6. Specially classified and unsecured debts to be paid by the Trustee.**

        (a)    Special Class: The following specially classified claims shall be paid as follows:

| Creditor | Claim Amount to be Paid | Monthly Payment | Term | Total to be Paid |
|---|---|---|---|---|
| NONE | | | | |

        (b)    Unsecured Claims:   Unsecured claims will be paid by the Trustee after payment of the aforementioned categories, to creditors who have duly and timely filed and proved their claim, with the same having been allowed by the Court, with such payments or dividends to be paid in lieu of the debt and in satisfaction of the debts of such creditors.

        (c)    No interest, penalty or additional charge shall be allowed on any account subsequent to the filing of the petition herein, except that interest shall be allowed on claims to fully secured creditors in accordance with 11 U.S.C § 506(b), Bankruptcy Code.

**7. Secured and specially classified unsecured debts to be paid direct by the Debtors.**

        Debtors shall pay direct outside the plan the following debts:

| Creditor | Collateral Description |
|---|---|
| ALLY FINANCIAL | 2011 MAZDA 2 |

PLA_Order_ModifiedPlanNew (rev 8/4/2014)

| | |
|---|---|
| CITIMORTGAGE, INC | HOMESTEAD |
| CITY OF CORINTH | 2012 PROPERTY TAXES |
| LAKE DALLAS INDEPENDENT SCHOOL DISTRICT | 2012 PROPERTY TAXES |

If the purpose of this Modified Plan is to surrender the collateral to the secured creditor pertaining to a claim that was previously being paid direct by the Debtors, that creditor and the collateral will not be listed in this paragraph but will, instead, be listed in Paragraph 8.

8.  **Secured claims where the underlying collateral is being surrendered by the Debtors OR the Automatic Stay provisions have terminated as to the collateral.**

The following secured claims are not dealt with in the Modified Plan, therefore, upon confirmation of the Modified Plan, the automatic stay provisions of 11 U.S.C § 362 are hereby terminated and annulled with respect to each of the following claims:

| Creditor | Collateral Description |
|---|---|
| NONE | |

The automatic stay provisions of U.S.C. § 362 remain in effect as to Debtors and are hereby terminated and annulled only with respect to the collateral encumbered by the claim(s) listed herein.   The remaining portion of the debt (deficiency), if any, shall be treated as any other general unsecured claim under this plan, **unless any previous orders of the court exist to the contrary**.

9.  **Executory contracts.**

All executory contracts of the Debtors will be assumed unless specifically rejected herein. The following executory contracts and/or leases are REJECTED or assumed:

| Name of Creditor | Contract is Assumed/Rejected | Disbursing Agent | Payment by Trustee |
|---|---|---|---|
| NONE | | | |

10. Upon confirmation of this plan, title of the property of the estate shall vest in Debtors, unless specifically excepted from vesting in any previous confirmed and/or modified chapter 13 plan or other order of the Court.

11. The Court may, from time to time, during the period of the plan extend, increase or reduce the amount of any of the installments provided by the plan, or extend or shorten the time for any such payments where it shall be made to appear, after hearing, upon such notice as the Court may designate, that the circumstances of Debtors so warrant or so require; provided, however, that nothing in this plan shall be construed to prevent the granting of a discharge of Debtor(s)as provided in 11 U.S.C. § 1328 of the Bankruptcy Code.

12. POST-CONFIRMATION CURE OR WAIVER OF DEFAULT:  Any default of the Debtors' post-confirmation plan payments may only be <u>waived</u> by compliance with the provisions of 11 U.S.C. § 1329.  Any default of post-confirmation plan payments may only be <u>cured</u> by written permission of the Trustee and compliance with such conditions as the Trustee may impose.

13. POST-PETITION CLAIMS:  The Debtor will not incur any post-petition consumer debt except after notice to creditors and approval by the Court and the Trustee as specified in 11 U.S.C. § 1305 (c). Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

14. **Additional provisions of the Plan.**

    The Additional provisions of the last confirmed chapter 13 plan, to the extent that such are still applicable, remain the same and unchanged pursuant to the terms of this Modified Plan.

15. All payments above shall be paid to the extent funds are available.  Any refund to the Debtors shall only be made to the extent that there are no other claims to be paid.

16. Unless otherwise stated and specifically listed and modified herein, any remaining provisions of the last confirmed Chapter 13 Plan, any specific order on claims (allowing/disallowing/changing classification), including the order on the Trustee's Recommendation Concerning Claims, to the extent such are still applicable, remain the same.

Signed on 11/04/2014

*Brenda T. Rhoades*            SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE